

WHEN THE GOVERNMENT FAILS TO ALLEGE AN ARTICLE 134 TERMINAL ELEMENT, THE CHARGE FAILS TO STATE AN OFFENSE UNLESS THE TERMINAL ELEMENT CAN BE "NECESSARILY IMPLIED" FROM THE LANGUAGE OF THE SPECIFICATION. THE MISSING TERMINAL ELEMENTS FROM THE SPECIFICATION OF CHARGE II CANNOT BE NECESSARILY IMPLIED FROM THE TEXT. IS THE CHARGE FATALLY DEFECTIVE?

No briefs will be filed under Rule 25.

No. 12–5001/AF. U.S., Appellant v. Daniel J. Datavs, Appellee. CCA 37537. Notice is hereby given that a certificate for review of the decision of the United States Air Force Court of Criminal Appeals was filed under Rule 22 this date on the following issue:

WHETHER THE AIR FORCE COURT OF CRIMINAL APPEALS INCORRECTLY APPLIED THE STANDARD OF LAW UNDER *STRICKLAND v. WASHINGTON*, 466 U.S. 668 (1984) AND *HARRINGTON v. RICHTER*, 131 S.CT. 770 (2011), WHEN EVALUATING WHETHER

TRIAL DEFENSE COUNSEL WAS INEFFECTIVE FOR NOT SEEK-ING EXPERT ASSISTANCE DURING TRIAL AFTER THE GOVERN-MENT'S EXPERT WITNESS TESTIFIED.

No. 12–6005/AF.  U.S., Appellant v. Robert C. Brissette, Appellee. CCA 37537. Notice is hereby given that a certificate for review of the decision of the United States Air Force Court of Criminal Appeals on appeal by the United States under Article 62, Uniform Code of Military Justice, 10 U.S.C. § 862, and a supporting brief were filed under Rule 22 on the following issues:

I.  WHETHER THE PRE-AMENDED CHARGE AND SPECIFICATION FOR INDECENT ACTS WITH A CHILD IN VIOLATION OF ARTICLE 134, UCMJ, NECESSARILY IMPLIED THE TERMINAL ELEMENT AND, THEREFORE, THE AMENDMENT TO THE SPECIFICATION CONSTITUTED A MINOR CHANGE.